### James O. Flynn *v.* William Murphy.

Where a party offers proof, which, standing alone and unaccompanied by other proof, would be inadmissible, and neither offers nor proposes to follow it by such evidence as, if given, would render it competent; it is not error to reject such proof.

As, where a defendant, sued for services rendered by the plaintiff as his agent, offered to prove the course of *his* business in respect to the price paid for *agencies.*

*Held,* that such evidence was incompetent, unless accompanied or followed by proof that the plaintiff had *notice* of such course of business, of such a character as would warrant the inference that the plaintiff entered upon the agency in view of the compensation which the defendant was in the habit of paying, and without any special agreement.

THE plaintiff brought suit for commissions in obtaining for the defendant as his agent, orders for engraving, die sinking, &c. At the trial, the defendant's counsel asked a witness, " What is the usual and uniform rate of commissions allowed by the defendant to his agents ?" The question was objected to and overruled. The case came up to the general term upon the defendant's appeal from a judgment rendered in favor of the plaintiff.

*John S. Lawrence*, for the defendant.

*Jared Sparks*, for the plaintiff.

BY THE COURT. WOODRUFF, J. — The inquiry into the usual or uniform practice of the defendant in regard to paying commissions, standing by itself, was, I think, clearly inadmissible. No such private practice could affect the plaintiff's title to recover what his services were worth, unless it was shown that the plaintiff rendered his services with notice of the plaintiff's usage in his business of a character so explicit as to warrant a finding—in the absence of any express agreement—that he assented to such usage, and rendered his services in view of the compensation which such usage would afford him.

The inquiry, which evidence shall be first given, appertaining merely to the *order* of proof, rests in the discretion of the court. It may often be perfectly easy for the defendant to show that the plaintiff, by previous dealings or otherwise, was well apprised of the course of the defendant's business, and so had notice.

And although, in this particular case, the most convenient course might have been to prove the usage first and the notice afterwards, we cannot, I think, say that the justice erred in excluding evidence of the usage, when the defendant neither offered to prove that the plaintiff had notice, nor gave any intimation, whatever, of a design to bring notice of such usage home to the plaintiff in any manner. So far as we can gather from

the return, the evidence of usage was insisted upon as, *per se*, admissible to affect the plaintiff's claim, unaccompanied by and independent of any other evidence, given or proposed to be given, to charge the plaintiff with notice thereof. And in this view I think the evidence was properly rejected. A party offering evidence may properly be held to apprise the court of the point upon which he urges its admissibility, so far, at least, as to show that he proposes to obviate the objections to its reception, which, in that stage of the cause, are well taken. I think the judgment should be affirmed.

Judgment affirmed.